SUMMARY ORDER

Yu Ping Li, a native and citizen of the People’s Republic of China (“China”), seeks review of an October 29, 2007 order of the BIA, affirming the May 4, 2004 decision of Immigration Judge (“IJ”) Robert D. Weisel, denying her application for asylum, withholding of removal, and relief under the Convention against Torture (“CAT”). In re Yu Ping Li, No. A097 965 532 (B.I.A. Oct. 29, 2007), aff'g No. A097 *88 965 532 (Immig. Ct. N.Y. City May 4, 2004). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA adopts and supplements the decision of the IJ, we review the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. See Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
The Government argues that we do not have jurisdiction to review the agency’s pretermission of Li’s asylum application. However, we assert hypothetical jurisdiction here to consider the agency’s alternate finding that Li is not eligible for asylum, because the jurisdictional question involves statutory and not constitutional jurisdiction. See Abimbola v. Ashcroft, 378 F.3d 173, 180 (2d Cir.2004). We conclude that the agency did not err in making that finding. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 156-65 (2d Cir.2008). Li argues that the BIA wrongly decided Matter of J-H-S-, 24 I. & N. Dec. 196 (BIA 2007), and Matter of J-W-S-, 24 I. & N. Dec. 185 (BIA 2007), and that its reliance on those cases to deny her application for relief is erroneous. However, we have previously considered those cases and found no legal error in the evidentiary framework established therein. See Jian Hui Shao, 546 F.3d at 143. As Li fails to establish the objective likelihood of persecution needed to make out an asylum claim, she is necessarily precluded from meeting the higher standard required to succeed on her claims for withholding of removal and CAT relief. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).